PROFESSIONAL SOUND SERVICES, INC., Plaintiff–Appellant,

v.

Roland J. GUZZI, Gotham Sound and Communications, Inc., Peter Schneider, and John Doe, whose true name is presently unknown, Defendants–Appellees.

No. 05–0508.

United States Court of Appeals, Second Circuit.

Dec. 14, 2005.

Stephen E. Feldman (Kenneth S. Feldman, Robert H. Morse, on the brief), Stephen E. Feldman, P.C., New York, NY, for Appellant.

Howard S. Koh, Meister Seelig & Fein, LLP, New York, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, RICHARD J. CARDAMONE and JOSÉ A. CABRANES, Circuit Judges.

SUMMARY ORDER

Plaintiff Professional Sound Services, Inc. ("PSS") brought this action against a former employee, the company he created and two other shareholders in that company, asserting claims of product disparagement and false designation pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and various state common law torts. PSS appeals from a judgment of the District Court dismissing its claims. We assume the parties' familiarity with the underlying facts and procedural history.

Defendants moved to dismiss the complaint on the ground that PSS had failed to state a claim under the Lanham Act. In a Memorandum Decision of September 10, 2003, the District Court dismissed PSS's product disparagement claim pursuant to the Lanham Act to the extent it was predicated on particular alleged statements—all but one of the charged instances of disparagement—that were mere expressions of opinion. See Prof'l Sound Servs., Inc. v. Guzzi, No. 02 Civ. 8428, 2003 WL 22097500, at *2–*3 (S.D.N.Y. Sept.10, 2003); see also Groden v. Random House, Inc., 61 F.3d 1045, 1051 (2d Cir.1995) (noting that "statements of opinion are generally not the basis for Lanham Act liability"). Following the close of discovery, defendants moved for summary judgment on all claims, and the District Court granted that motion in an Opinion dated December 27, 2004. See Prof'l Sound Servs., Inc. v. Guzzi, 349 F.Supp.2d 722 (S.D.N.Y.2004). In regard to the product disparagement claim, the District Court concluded that PSS had failed to make any colorable showing that the one comment still at issue was made "in commercial advertising or promotion," 15 U.S.C. § 1125(a)(1)(B). Prof'l Sound Servs., 349 F.Supp.2d at 728. With respect to the false designation claim, the District Court determined that plaintiff's proffered unregistered trademark—an unadorned letter "S" included at the beginning of product codes written on packaging and product documentation—was insufficiently distinctive to warrant protection. Id. at 731–33. In the alternative, applying the eight factor test of Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir.1961), the Court found that there was no likelihood of confusion engendered by Gotham Sound and Communications, Inc.'s inclusion of an "S" at the beginning of product codes listed on its website. Prof'l Sound Servs., 349 F.Supp.2d at 733–36. The District Court accordingly dismissed plaintiff's Lanham Act claims and refused to exercise supplemental jurisdiction over the remaining state law claims. Id. at 736.

On appeal, plaintiff maintains that the District Court erred in the following four respects: (1) denying plaintiff discovery concerning the identity of the John Doe defendant and granting summary judgment on an incomplete record; (2) granting defendants summary judgment on PSS's false designation claim; (3) granting defendants' motion to dismiss the complaint in part on the basis of the determination that Guzzi's defamatory statements against PSS were non-actionable expressions of opinion and granting defendants' motion for summary judgment with respect to the remaining allegedly defamatory statement on the ground that it was not made in the context of commercial advertising or promotion; and (4) refusing to retain jurisdiction over the state law

claims after granting summary judgment on the federal law claims.

We affirm the District Court's granting in part of defendants' motion to dismiss and its granting of defendants' motion for summary judgment for substantially the reasons set forth in the District Court's thoughtful and comprehensive opinions. *See Prof'l Sound Servs.*, 2003 WL 22097500; *Prof'l Sound Servs.*, 349 F.Supp.2d 722.

 Furthermore, we conclude that the District Court did not abuse its broad discretion in managing discovery matters, *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004), by denying PSS's request—brought the day before the close of discovery—for an extension of discovery in order to investigate the identity of John Doe. PSS conceded that it learned of defendants' refusal to disclose the identity of Doe well-earlier during discovery: "[t]he Defendants in their Rule 26 disclosure never identified 'John Doe,' and refused to identify any of the corporate Defendant's shareholders or any persons having a financial interest in the corporate Defendant in response to any of our written discovery requests." Letter of Robert H. Morse to Judge Chin, Feb. 19, 2004, at 2. Yet PSS provided no explanation for its failure to bring a motion to compel discovery earlier. The District Court acted within its broad discretion when denying PSS's request for an extension of discovery.

 Moreover, the District Court did not abuse its discretion, *see Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir.2004), in dismissing the state law claims pursuant to 28 U.S.C. § 1367(c)(3). PSS has failed to show that the interests of "judicial economy, convenience, fairness,

and comity" required the District Court to retain jurisdiction over those claims. *Motorola Credit Corp.*, 388 F.3d at 56.

Lastly, we deny PSS's request, raised for the first time on appeal, that sanctions be imposed on defense counsel for concealing the identity of John Doe during discovery.

We have considered all of plaintiff's claims on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.